PROBER & RAPHAEL, A LAW CORPORATION
DEAN PROBER, ESQUIRE #106207
LEE S. RAPHAEL, ESQUIRE, #180030
CASSANDRA J. RICHEY, ESQUIRE #155721
DAVID F. MAKKABI, ESQUIRE #249825
MELISSA VERMILLION, ESQUIRE #241354
20750 Ventura Boulevard, Suite 100
Woodland Hills, CA 91364
(818) 227-0100
F.040-980
Attorneys for Secured Creditor U. S. Bank N. A., Successor in interest
to the FDIC as receiver for Downey Savings & Loan Association, F.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EMILY MARIE PANGILINAN,<br><br>Debtor. | Bk. No. 09-40116<br><br>CHAPTER 13<br><br>R.S. No. DRP – 630<br><br>**STIPULATION RE ADEQUATE PROTECTION**<br><br>Hearing-<br>Date : February 10, 2010<br>Time : 10:30 AM<br>Place : U.S. Bankruptcy Court<br>        1300 Clay Street, 2nd Floor<br>        Oakland, CA<br>        Courtroom 220 |

IT IS HEREBY STIPULATED by and between Secured Creditor, U. S. Bank N. A., Successor in interest to the FDIC as receiver for Downey Savings & Loan Association, F.A., its assignees and/or successors in interest, through its counsel, Dean R. Prober, Esquire, of Prober & Raphael, and Debtor Emily Marie Pangilinan, through her counsel, James A. Pixton, Esquire, as follows:

1. Debtor shall maintain the regular monthly payments on Secured Creditor's loan obligation, encumbering the subject Property, generally described as **18 Wexford Place, Alameda, California**, in a timely fashion, commencing with the March 1, 2010 payment. Payments on Secured Creditor's loan obligation shall be made to Secured Creditor's servicing agent, U.S. Bank, N. A., 3501 Jamboree Road, 3rd Floor, Newport Beach, CA 92660, Attention: Bankruptcy Department.

2. Debtor shall pay off arrearages in the total amount of $16,867.81, representing the October 1, 2009 through February 1, 2010 monthly payments plus late charges in the amount of $1,091.90, property inspection $9.10; including suspense balance of $3,231.39. Said arrearages shall be paid in monthly installments of $1,405.65 per month, commencing on March 15, 2010, and continuing until the 15th of each month, thereafter until January 15, 2011; with a balance of $1,405.66 to be paid on or before February 15, 2011.

3. Debtor shall pay to Secured Creditor the sum of $800.00, representing its attorneys' fees incurred in bringing this action. Said fees shall be paid through the Debtor's Chapter 13 Plan. Secured Creditor may file an Amended Proof of Claim to reflect the addition of said fees.

4. In the event of a default of any provisions as set forth in Paragraph 1, 2, or 3 hereinabove, Secured Creditor may, after a ten (10) day notice of default mailed to Debtor and faxed *and* mailed to Debtor's counsel, file and serve a Declaration Re Non-Compliance and an Order Terminating the Automatic Stay. Upon the filing of such Order, the Automatic Stay with respect to subject Property shall lift immediately, without further Order of the Court.

5. In the event the instant bankruptcy proceeding is dismissed or discharged, this Order shall be terminated and have no further force or effect.

6. Any funds received by Secured Creditor, which are subsequently returned for non-sufficient funds, including funds received and applied prior to the terms of this Order, shall be subject to the default provisions contained herein.

Approved as to form and content:

Dated: February 18, 2010

By /s/ Dean R. Prober
DEAN R. PROBER, ESQUIRE, #106207
Prober & Raphael, A Law Corporation
Attorneys for Secured Creditor

Dated: 3/8/2010

By _____
James A. Pixon, Esquire
Attorney for Debtor